IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NW Property Wholesalers, LLC, )
a Nevada Limited Liability Company, )   No. 3:11-cv-00240-JO
                                    )
            Plaintiff,              )
                                    )
    v.                              )   OPINION AND ORDER
                                    )
ReconTrust Company, N.A.,           )
                                    )
            Defendant.              )

William D. Miner, III
DAVIS WRIGHT TREMAINE, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR  97201-5630

David W. Venables
Terrance J. Slominski
SLOMINSKY & ASSOCIATES
Commerce Plaza
7100 S.W. Hampton Street, Suite 101
Tigard, OR  97223

  Attorneys for Plaintiff

Gregory A. Chaimov
DAVIS WRIGHT TREMAINE, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR 97201-5630

    Attorney for Defendant

JONES, Judge:

    Plaintiff NW Property Wholesalers, LLC, brings this action against defendant ReconTrust Company, N.A., alleging a claim for violation of the Oregon Unlawful Trade Practices Act ("UTPA") and common law claims for breach of contract and misrepresentation, all arising out of plaintiff's purchase, as high bidder, of certain property from defendant at a foreclosure auction held at the Multnomah County Courthouse in September 2010.

    The case is now before the court on defendant's motion (# 23) for summary judgment and plaintiff's motion (# 26) for partial summary judgment. Plaintiff has conceded that his UTPA claim lacks merit, therefore, that claim is dismissed with prejudice.[1] For the reasons explained below, I grant defendant's motion with respect to plaintiff's breach of contract claim, and deny defendant's motion with respect to plaintiff's misrepresentation claim. I deny plaintiff's motion (# 26) for partial summary judgment to the extent it is not moot, as discussed below.

## STANDARD

    Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477

---

[1] Defendant's unopposed motion for extension of time (# 31) is moot.

U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

## FACTUAL BACKGROUND

The relevant facts largely are undisputed and will not be recited here except as necessary to explain my decision. To summarize, on May 24, 2010, defendant recorded a Notice of Default and Election to Sell certain property subject to a loan secured by a deed of trust that was then in default. The notice contained an erroneous legal description, because it included a portion of the property, "the north one-half of lot 4" ("the lot")), that in 2008 was the subject of a partial reconveyance to permit the owner to sell the lot to a third party. The partial reconveyance was recorded in April 2008, in a Modification to Deed of Trust and Partial Reconveyance. The legal description of the property encumbered by the deed of trust was amended to omit the lot. A statutory warranty was recorded following the sale.

Despite the above transaction, the Notice of Default and Election to Sell included in the legal description the lot that had been reconveyed. At the sale held on September 24, 2010,

plaintiff was the highest bidder. A Trustee's Deed reflecting the sale was recorded on November 4, 2010. The Trustee's Deed includes the same erroneous legal description.

The record shows that shortly before bidding, Trevor Burnam, plaintiff's decision-maker with respect to the bid,[2] reviewed some documents, including the modification/reconveyance that amended the property description. He considered the documents to be vague and believed that the partial reconveyance was not completed and that the lot was included in the foreclosure sale. See generally Burnam Depo., pp. 68-79. Burnam sent his associate, Jeff Stai, to the sale to bid on behalf of plaintiff. Burnam asked Stai to have the agent conducting the sale read the property description over the phone to him. The agent read the description, which included the subject lot, and initialed the description.

According to Burnam, after the purchase he went to the property and was told by an occupant that he (the occupant) had owned the lot since April 2008. Declaration of Trevor Burnam, ¶ 12. Within five days of the foreclosure sale, Burnam received a preliminary title report that showed that the "lot – the north half of 4 has been sold, warranty deeded, liened, everything, you know, down the line." Deposition of Trevor Burnam ("Burnam Depo."), p. 92. By October 20, 2010, Elliot Potts of Pacific Northwest Title informed Burnam that the lot had not been conveyed to plaintiff.

Plaintiff commenced this action in diversity on February 24, 2011. In the complaint, plaintiff seeks damages in the sum of $265,000, the alleged value of the lot and improvements, plus punitive damages and costs.

---

[2] Burnam is president of Brand X Investments, Inc., the managing member of plaintiff. Declaration of Trevor Burnam, ¶ 1.

4 - OPINION AND ORDER

DISCUSSION

Defendant moves for summary judgment on plaintiff's remaining claims, as does plaintiff. Additionally, plaintiff moves for summary judgment on defendant's affirmative defenses.

1.  Plaintiff's Breach of Contract Claim.

Plaintiff's contract theory is simple: Plaintiff made an offer, defendant accepted it, and plaintiff paid consideration in the bid amount of $139,984. The problem with that theory, as defendant contends, is that non-judicial foreclosure sales, including the trustee's duties and authority, are creatures of statute, not common law. And the applicable statute, ORS 86.755(4), clarifies that the trustee is authorized to convey only that which he or she has the right to convey:

> The trustee's deed shall convey to the purchaser the interest in the property that the grantor had, or had the power to convey, at the time the grantor executed the trust deed, together with any interest the grantor or the grantor's successors in interest acquire after the execution of the trust deed.

ORS 86.755(4). In this case, because the original trust deed was modified to exclude the lot, the trustee lacked authority to convey it. Consequently, no valid contract was formed between plaintiff and defendant for the sale and purchase of the lot. See also ORS 93.140 ("no covenant shall be implied in any conveyance of real estate . . . .").

Plaintiff cites Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp., 209 Or. App. 528, 149 P.3d 150 (Or. App. 2006), for the proposition that Oregon case law recognizes that the purchase of property at a foreclosure sale can give rise to a breach of contract claim for failure to convey. As relevant to this case, however, Staffordshire merely supports the analysis that a trustee may convey only that which he or she is authorized to convey. In the present case,

the trustee could not enter into an enforceable agreement to sell the lot, which was not encumbered by the deed of trust and, indeed, was owned by someone other than the debtor.

In sum, I agree with defendant that plaintiff has no valid claim for breach of contract, and therefore I grant summary judgment on plaintiff's contract claim.

    2.    <u>Plaintiff's Fraud/Misrepresentation Claim</u>.

It is beyond dispute that plaintiff relied on the erroneous legal description in the Notice of Default and Election to Sell and the same erroneous legal description in the Trustee's Sale document, Exhibit 1 to the Burnam Decl., in deciding to bid on the property. Thus, three of the elements of fraud are met: a representation; its falsity; and its materiality. <u>Merton v. Portland General Elec. Co.</u>, 234 Or. App. 407, 416, 228 P.3d 623 (Or. App. 2010). Nonetheless, factual disputes on other elements of a fraud claim preclude judgment as a matter of law. Plaintiff gives an explanation of how, given the information available to Burnam before the sale, plaintiff reasonably relied on the legal description and believed (and evidently continues to believe) that the lot appropriately was included in the foreclosure sale. <u>See, e.g.</u>, Burnam Depo., pp. 76-79, 82, 94. Whether a fact-finder would find plaintiff's explanation credible is not for this court to decide on summary judgment. The evidence also shows that defendant was ignorant that the legal description was erroneous until well after the sale.[3] Whether a reasonable fact-finder could conclude from the evidence that defendant *intended* potential purchasers to rely on the erroneous

---

    [3]    <u>See</u> Memorandum in Support of Defendant's Motion for Summary Judgment, pp. 9-10 ("Indeed, ReconTrust was not aware of the discrepancy until December 2010, after the Trustee's Deed was recorded, when a letter was received from [plaintiff's] counsel.").

legal description in bidding on the property, as plaintiff alleges, is, again, not for the court to decide as a matter of law on the existing record.

I conclude that disputed issues of material fact preclude summary judgment on plaintiff's fraud claim. I note, as defendant points out with respect to its mitigation defense, that plaintiff could have stopped the recording of the trustee's deed or asked to rescind the deed based on information obtained shortly after the sale, thus undoing the transaction. Plaintiff chose, however, not to do either and instead initiated litigation to seek damages, which is a choice he could make.

    3.    <u>Plaintiff's Motion for Summary Judgment on Defendant's Affirmative Defenses</u>.

Plaintiff moves for summary judgment on defendant' affirmative defenses. Defendant has withdrawn all but three: failure to state a claim, unclean hands, and failure to mitigate. Defendant evidently concedes that the unclean hands defense only pertains to plaintiff's breach of contract claim, consequently, I will strike that defense. Plaintiff's motion as to the defenses of failure to state a claim and mitigation is denied.

## CONCLUSION

Defendant's motion (# 23) for summary judgment is moot in part, granted in part and denied in part as set forth in this opinion. Plaintiff's motion (# 26) for partial summary judgment is denied as to liability and damages, denied as to defendant's affirmative defenses of failure to

state a claim and failure to mitigate, and moot as to defendant's remaining affirmative defenses.

Defendant's unopposed motion for extension of time (# 31) is moot.

DATED this 11th day of June, 2012.

                                            ROBERT E. JONES
                                            U.S. District Judge